UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL REASE,

    Petitioner,

v.                                    Case No. 3:18-cv-1062-J-34PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

## ORDER

Petitioner, Michael Rease, an inmate of the Florida penal system, initiated this case by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 1). Petitioner challenges a 1984 state court (Clay County, Florida) judgment of conviction for kidnapping, sexual battery, and aggravated assault. Petitioner is currently serving a life sentence of incarceration.

The Court previously adjudicated Petitioner's federal habeas claims challenging this judgment of conviction. See Rease v. Dugger, No. 3:88-cv-735-WTH (Aug. 25, 1989); Rease v. Singletary, Jr., Order (Doc. 17), No. 3:92-cv-391-WTH (Feb. 23, 1993).[1] Thus, this Court has no authority to consider Rease's Petition without prior authorization from the Eleventh Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3)(A) (requiring a

---

[1] According to the Federal Records Center, the records for Rease, No. 3:88-cv-735-WTH were destroyed in 2011. A review of Rease, No. 3:92-cv-391-WTH, however, reveals the Court denied Rease's 1988 Petition because the claims were procedurally defaulted. See Rease, Order (Doc. 17), No. 3:92-cv-391-WTH. As such, the Court dismissed Rease's 1992 habeas Petition as an abuse of the writ. Id. The current Petition is Rease's third federal habeas Petition challenging his 1984 state judgment and sentences.

petitioner to "move in the appropriate court of appeals for an order authorizing the district court to consider" the filing of "a second or successive application"); Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1278 (11th Cir. 2014) (finding that "[s]ubject to [certain] exceptions[,] . . . a district judge lacks jurisdiction to decide a second or successive petition filed without [the Eleventh Circuit's] authorization"); In re Medina, 109 F.3d 1556, 1561 (11th Cir. 1997) (holding § 2244(b)(3)(A) applies to a successive habeas petition even if the first petition was denied prior the effective date of the AEDPA). Rease has not applied for leave to file a successive habeas petition, and the Eleventh Circuit has not authorized Rease to file a successive habeas petition. Therefore, this case will be dismissed without prejudice to Rease's right to file a new petition if he obtains the required authorization from the Eleventh Circuit.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

3. If Rease appeals the dismissal of the case, the Court denies a certificate of appealability.[2] Because this Court has determined that a certificate of appealability is not

---

[2] This Court should issue a certificate of appealability only if Rease makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Rease "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, a certificate of appealability is not warranted.

warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk shall send Rease an Application for Leave to File a Second or Successive Habeas Corpus Petition. If he desires to file a second or successive habeas petition in this Court, he must complete the application and file it in the Eleventh Circuit Court of Appeals.

**DONE AND ORDERED** in Jacksonville, Florida, this 17th day of September, 2018.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Jax-7

C: Michael Rease, #079086